UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>            Plaintiff,<br><br>     v.<br><br>SMALLY, et al.,<br><br>            Defendants. | Case No. 25-cv-07634-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Eric Murillo, a detainee at Martinez Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **January 23, 2026**. Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss

1

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

Plaintiff alleges as follows: In July 2025, his legal mail was sitting for several weeks at the jail before a deputy eventually sent it. (Dkt. No. 1 at 2.) On another occasion, Plaintiff found

that legal mail given to him by a different deputy had been opened.  (*Id*.)  Plaintiff filed grievances regarding these issues.  (*Id*.)

Also in July 2025, Plaintiff received a disciplinary write-up for graffiti in his cell.  (*Id*. at 3.)  Plaintiff was instructed to clean the graffiti, but he was not responsible because it was there prior to his arrival.  (*Id*.)  Plaintiff spoke to jail staff and stated that the disciplinary write-up was unfair, and he attempted to clean the graffiti the day he arrived, but deputies kept harassing him.  (*Id*.)

In August 2025, Plaintiff submitted a grievance because a deputy refused to exchange Plaintiff's broken electronic tablet for a new one.  (*Id*. at 3-4.)  Also in August, deputies searched Plaintiff's cell and found what they described as a weapon.  (*Id*.)  Plaintiff was found guilty at a disciplinary hearing and was placed in lockdown for ten days and lost privileges.  (*Id*. at 4-5.)  Plaintiff maintains that it was not a weapon, and he was only found guilty as a form of retaliation for his grievances.  (*Id*. at 4.)  He also contends that his rights were violated during the disciplinary process.  (*Id*. at 5-6.)

Plaintiff requested to speak to a lieutenant about these issues and was informed that he was being transferred to a different jail.  (*Id*. at 5.)  Upon arrival at the new jail, Plaintiff was placed in administrative segregation and was told it was because of staff at the prior jail.  (*Id*.)

**C.    Analysis**

Federal Rules of Civil Procedure 20(a)(2)(A) bars joinder of unrelated claims against different defendants.  "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees."  *Id*. (citing 28 U.S.C. § 1915(g)); *see also Standley v. Montana*, No. 22-35824, 2024 WL 1253797, at *1 (9th Cir. Mar. 25, 2024) (citing *George* with

3

approval).

Plaintiff presents multiple unrelated claims against several Defendants. The complaint is dismissed with leave to amend to bring only those claims about a single event or a single set of related events, or to allege facts supporting a plausible basis to believe the events described are related. Other claims may be brought in separate actions. Also, Plaintiffs' claims suffer some additional deficiencies that likewise need to be corrected, which are detailed below, so that Plaintiff can try to fix them.

To the extent Plaintiff contends that his grievances were not properly addressed, there is no general constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

If Plaintiff seeks to proceed with the claims related to his legal mail, he must present more specific allegations. The deliberate delay of legal mail that adversely affects legal proceedings presents a cognizable claim for denial of access to the courts. *See Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986). Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation, however. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

Prison officials may institute procedures for inspecting "legal mail," *e.g.*, mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). *See also O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government). Mail from the courts, as contrasted to mail from

4

a prisoner's lawyer, is not "legal mail." *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998).

If Plaintiff instead chooses to proceed with his claim regarding his disciplinary finding, he must also present more information. To assert a viable due process claim, a pretrial detainee must show that the alleged deprivation either (a) amounts to punishment or (b) implicates a liberty interest arising from a state statute or regulation that sets forth "'substantive predicates' to govern official decision making" and a specific directive to the decisionmaker that mandates a particular outcome if those substantive predicates have been met. *See Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature); *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated, and the claim must be dismissed. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **January 23, 2026**. The amended complaint must include the caption and civil case number used in this order (25-7634 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an

extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 16, 2025

RITA F. LIN<br>
United States District Judge