UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WEST COUNTY DETENTION<br>FACILITY, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-05133-RFL<br>25-cv-5932-RFL<br>25-cv-6261-RFL<br>25-cv-7634-RFL<br><br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Eric Murillo, a detainee at West County Detention Facility, proceeding *pro se*, filed the above civil rights complaints pursuant to 42 U.S.C. § 1983.  In each case, the Court screened the complaints and dismissed them with leave to amend.  The Court identified the deficiencies of each complaint and instructed Plaintiff on what to address in amended complaints.  Plaintiff submitted amendments in each case.  However, the filings were not amended complaints, but instead they were motions for leave to file amended complaints that did not attach a proper amended complaint.  In each instance, Plaintiff provided a few pages that contained some additional allegations but failed to address many of the deficiencies noted by the Court and did not fully repeat the allegations of the original complaints.  All the motions for leave to file an amended complaint in the above cases were denied without prejudice.  Plaintiff was provided an additional opportunity to file proper amended complaints in each case.  Plaintiff submitted amended complaints that are now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

These cases will be dismissed because Plaintiff has failed to state claims for relief.  In each case, the recently filed amended complaints generally repeat the allegations from the original complaints.  Plaintiff failed to address the deficiencies noted by the Court in the original

1

screening orders, despite the Court dismissing the prior amendments and specifically informing Plaintiff that he must present additional allegations regarding certain issues in each case.[1]

These federal civil rights actions are DISMISSED.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] The Court ordered service in another of Plaintiff's cases.  *See Murillo v. Smally*, Case No. 25-cv-7031 RFL.  In that case, Plaintiff added new allegations in the amended complaint and addressed the deficiencies noted by the Court.

**B.    Legal Claims**

### 1.    Case No. 25-cv-5133

In this case, Plaintiff alleged that he requested for his cell window to be cleaned and sprayed due to spiders.  (Case No. 25-cv-5133, Dkt. No. 10 at 2.)  Plaintiff was later moved to a different cell but before the transfer, staff did not clean the window or spray for spiders, and he killed three spiders and had to be treated for spider bites that resulted in a bump on his chest.  *Id*.

The Court previously set forth the relevant legal standards and dismissed the complaint with leave to amend because Plaintiff failed to show that the spiders in the cell constituted punishment by jail officials or that the spiders denied him the minimal civilized measures of life's necessities.  (*Id*. at 3.)

Plaintiff filed an amended complaint (Case No. 25-cv-5133, Dkt. No. 14) that generally repeats the allegations from the original complaint and fails to address the deficiencies noted by the Court.  Plaintiff provides no additional allegations concerning the spiders and how being in the cell violated his constitutional rights.  His allegations are insufficient and fail to state a claim for the same reasons as stated in the prior order.

 Plaintiff appears to raise a new claim that certain Defendants placed him in the cell with a dirty window and spiders because they were annoyed by his grievances.  (Case No. 25-cv-5133, Dkt. No. 14 at 3.)  This allegation was not in the prior two filings.  To the extent that he intends to present a claim of retaliation, his conclusory allegations do not contain any facts supporting a plausible inference that any Defendant took adverse action against him due to the filing of his grievances.  Though he says that he believes Sgt. Byrn was "annoyed by my grievances so left me in there," he does not provide any specific facts supporting this belief.  Because Plaintiff was already provided leave to amend on two separate occasions and did not provide any additional information, this action is dismissed without leave to amend, because allowing additional amendments would be futile for his claims related to the cell conditions or retaliation.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure

deficiencies by amendment).

### 2.    Case No. 25-cv-5932

Plaintiff alleged that he was subject to excessive noise and awful smells from a nearby construction site that started work in the middle of the night.  (Case No. 25-cv-5932, Dkt. No. 9 at 2.)  He stated that it was causing headaches, and the headache medication was causing sleep deprivation.  (*Id*.)  Plaintiff filed a separate action, Case No. 25-cv-6263, that raised similar claims and alleged that there was a sewage problem at the facility.  (Case No. 25-cv-6263, Dkt. No. 5 at 1.)  That case was dismissed as duplicative, and Plaintiff was ordered to present all claims concerning noises and smells in Case No. 25-cv-5932.  (*Id*.)

The Court set forth the relevant legal standards and dismissed the complaint with leave to amend for Plaintiff to present more specific facts regarding the frequency of the smell and noise issues and how they rose to constitutional violations.  (Case No. 25-cv-5932, Dkt. No. 9 at 3-4.) He was also instructed to describe the smell from the construction site and where the plumbing issues occurred, if it was in his cell or elsewhere in the facility, and how often it was present. (*Id*. at 4.)

The amended complaint in this case (Case No. 25-cv-5932, Dkt. No. 13) repeats the allegations from the original complaints and fails to address the deficiencies noted by the Court. Plaintiff provides no additional information regarding the construction noise and smell. Regarding plumbing issues, he only states that the smell of feces from other inmates affected him but provides no other information as requested by the Court.

In this case, Plaintiff also appears to raise a new claim that he was targeted because he would not stop writing grievances.  (Case No. 25-cv-5932, Dkt. No. 13 at 3.)  This allegation was not in the prior two filings.  To the extent that he intends to present a claim of retaliation, his provides only conclusory allegations on that topic.  Though he alleges that Sgt. Byrn "does come by my cell to stop writing grievance because 'your not at the hilton'" (*id.*), he does not explain what if any adverse action Sgt. Byrn or any other person took against him due to the filing of his grievances.  He also alleges that he was "targeted," but does not provide any facts about the

targeting.  Because Plaintiff was already provided leave to amend on two separate occasions and did not provide any additional information, this action is also dismissed without leave to amend. *See Zucco Partners*, 552 F.3d at 1007.

### 3.    Case Nos. 25-cv-6261 and 25-cv-7634

In these two cases, Plaintiff presented multiple unrelated claims against numerous Defendants.  (Case No. 25-cv-5932, Dkt. No. 5 at 2-3; Case No. 25-cv-7634. Dkt. No. at 2-5.)  In both cases the Court informed Plaintiff that unrelated claims against different individuals belong in different suits pursuant to Fed. R. Civ. P. 8 and other relevant legal standards.  (*Id*.)  If he filed amended complaints he was instructed to focus on a single event or a single set of related events. (*Id*.)

The amended complaints in these cases (Case No. 25-cv-6261, Dkt. No. 12; Case No. 25-cv-7634, Dkt. No. 11) did not correct those deficiencies.  Each case again contains multiple unrelated claims against many Defendants.  The claims and Defendants are similar to the original complaints that were dismissed with leave to amend.  Plaintiff was already provided two opportunities to correct the deficiencies in these cases but he did not do so.

These actions are dismissed without leave to amend, even if there could be merit to certain of Plaintiff's claims.  Plaintiff was previously informed that, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

### CONCLUSION

These federal civil rights suits are DISMISSED for failure to state a claim.

The Clerk shall enter judgments in favor of Defendants and close the files.

**IT IS SO ORDERED.**

Dated: May 8, 2026

_____
RITA F. LIN
United States District Judge

5