UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br>Plaintiff,<br>v.<br>SMALLY, et al.,<br>Defendants. | Case No. 25-cv-07634-RFL<br><br>**ORDER** |

Eric Murillo, a detainee at West County Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend because Plaintiff presented multiple unrelated claims against several Defendants. (Dkt. No. 6 at 4.) Plaintiff later submitted a filing that appeared to be an amendment but did not address the deficiencies noted by the Court. (Dkt. No. 8.) To the extent the filing was an amended complaint, it was denied without prejudice and Plaintiff was provided another opportunity to file an amended complaint. (Dkt. No. 9 at 1-2.) Plaintiff filed an additional amended complaint. (Dkt. No. 11) That complaint was dismissed without leave to amend and the case was closed with prejudice because Plaintiff again failed to follow the Court's instructions and presented multiple unrelated claims against several Defendants. (Dkt. No. 12 at 5.) Three months have passed since the case was closed and Plaintiff has now filed an amended complaint and declaration. (Dkt. Nos. 16, 17.)

Plaintiff does not address the issue that this case was dismissed without leave to amend and judgement was entered. Plaintiff was provided multiple opportunities to amend but repeatedly failed to follow the Court's instructions. The case remains closed because this action

was dismissed without leave to amend.

After final judgment has been entered, the district court may consider a Rule 15 motion to amend only if the judgment is first reopened pursuant to a motion under Rule 59 or 60. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). When seeking relief under Rule 60(b) in order to amend a complaint, a party must satisfy Rule 60(b) before Rule 15(a)'s liberal amendment standard can apply. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025).

To the extent the filings could be considered a motion pursuant to Rule 60(b), that standard is not met. Moreover, Plaintiff's amended complaint still fails to correct the deficiencies noted by the Court. Plaintiff again presents multiple unrelated claims against several Defendants and appears to add a new claim against the County pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). (Dkt. No. 17 at 1-2.) After reviewing the amended complaint, this case would still be dismissed without leave to amend on futility grounds for the same reasons as set forth in the Court's prior order (Dkt. No. 12 at 5). *See Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001) (A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint.") The case remains dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 23, 2026

RITA F. LIN
United States District Judge